Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,467-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SHIRLEY BURKS                                    Plaintiff-Appellant

versus

MICHAEL D. WILSON                                Defendant-Appellee

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2024-CV-00973

Honorable Angie D. Sturdivant, Judge

* * * * *

SHIRLEY BURKS                                    In Proper Person, Appellant


MICHAEL D. WILSON                                In Proper Person, Appellee


* * * * *

Before COX, STEPHENS, and THOMPSON, JJ.

**COX, J.**

This case arises out of Monroe City Court. Shirley Burks filed suit against Michael Wilson seeking $7,700 for repair work that she alleged was not properly completed. The trial court ruled in favor of Mr. Wilson and dismissed Ms. Burks' suit with prejudice. Ms. Burks seeks review of the trial court's ruling. For the following reasons, we affirm the trial court.

## FACTS

On May 14, 2024, Ms. Burks filed a petition against Mr. Wilson for incomplete repairs on her house. She requested her money back, plus interest and the cost of court. Mr. Wilson filed his answer, asserting that men were already working on the home when he first arrived.

The trial was held on November 14, 2024, where both parties represented themselves. Ms. Burks testified that she hired Mr. Wilson to repair her roof, siding, and walls. She stated that when he jacked up the house, the roof disconnected from the walls. Ms. Burks submitted pictures of the inside of her home after Mr. Wilson completed his work. She also showed the trial court pictures of the house on her phone. The photos featured issues with the floor, siding, windows, wall, and cabinets. She stated that the repaired areas were not painted. Ms. Burks testified that when Mr. Wilson told her he was done, she paid him without looking at the house.

The trial court asked Ms. Burks if she wanted to add anything else before Mr. Wilson presented his case. Ms. Burks replied, "No ma'am."

Mr. Wilson did not question Ms. Burks but presented his own testimony. He testified that there was a hole in the house from something falling on it, men were working on the house when he arrived to look at it, and the men jacked up the house on one side, which made it a risk for

tipping and caused the roof to separate. He stated that there was a car jack and four-by-four board in the house, which it appeared the previous workers used in an attempt to raise or level the roof. Mr. Wilson stated that he told Ms. Burks he could level the house because it was tipped, and improper materials were used. He leveled the seals under the house, put on a new roof, and offered to repair the holes in the bedroom and kitchen with supplies he already had in his shop.

Mr. Wilson stated that Ms. Burks asked him to fix her countertop, which was rotten and disconnected, so he removed the cabinet, installed plywood, and leveled it. Then, she asked him to replace a lock, which he did. He testified that Ms. Burks would ask for additional work to be done but not have materials. He testified that she would ask his employees to do work without talking to him first. Mr. Wilson stated that he did what he could outside of the initial roof work, but he could not buy her materials for the extra jobs. He stated that he agreed to patch the walls but did not agree to paint them and was never given paint colors.

Mr. Wilson testified that the cabinets were installed by someone else before he arrived, and Ms. Burks complained about a gap. He told her she could put a molding around it, but he did not put up a molding and only patched the wall. After questions from the court, he explained that when he completed the roof and rafters, Ms. Burks kept adding additional jobs.

There was some discussion between the judge and parties as to what happened to cause the hole in the roof that Mr. Wilson was hired to fix. Ms. Burks stated that the hole was much smaller than Mr. Wilson stated, and the man who was previously working on the house tried to jack up the roof but could not stay to complete the repairs.

Ms. Burks wanted to submit video evidence of the incomplete repairs and testimony from her son after Mr. Wilson's testimony. The trial court informed Ms. Burks that her time to present evidence and testimony had ended, but she could question Mr. Wilson and present any rebuttal evidence. Ms. Burks presented a photo of the roof on her phone. The trial court stated that it looked like all the shingles matched, but Ms. Burks stated that the roof was not very old and only one portion was replaced. Ms. Burks stated that a worker prior to Mr. Wilson attempted to jack the roof before a rafter was broken, but that man could not do the job on his own, so she hired Mr. Wilson to finish the job.

At the conclusion of the trial, the trial court took the matter under advisement and stated a ruling would be made within 30 days.

The trial court signed its judgment on December 17, 2024, dismissing Ms. Burks' suit with prejudice. The trial court issued written reasons and detailed the facts of the case. The trial court found Mr. Wilson to be credible in his account of the roof repair and stated that Ms. Burks did not produce any evidence as to what it would have cost to complete the allegedly incomplete work. Ms. Burks now appeals.

**APPELLANT'S ARGUMENTS**

On appeal, Ms. Burks asserts that she was not given the opportunity to call a witness, which prevented her from prevailing at trial. Ms. Burks requests that this Court review her suit and rule in her favor.

The appellate court may not set aside a trial court's factual findings in the absence of manifest error or unless such findings are clearly wrong. S*tobart v. State, through DOTD*, 617 So. 2d 880 (La. 1993); *Charles v. Price*, 52,688 (La. App. 2 Cir. 5/22/19), 273 So. 3d 567. To reverse the

3

factual findings of the trial court, the appellate court must review the record in its entirety and find that there is no reasonable factual basis for the findings and that the record establishes that the trier of fact was clearly wrong or manifestly erroneous. *Salvant v. State*, 05-2126 (La. 7/6/06), 935 So. 2d 646; *Charles v. Price, supra*. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings. *Jack v. Eldorado Casino Shreveport Joint Venture, L.L.C.*, 52,454 (La. App. 2 Cir. 1/16/19), 264 So. 3d 599.

Ms. Burks asserts that she was unable to call her witness. As highlighted above, the trial court asked Ms. Burks if she had anything else to present before turning the case over to Mr. Wilson. After Mr. Wilson's testimony, the trial court also explained to Ms. Burks that she could present any rebuttal evidence. Ms. Burks presented additional evidence from her phone as rebuttal evidence. The trial court was patient and accommodating to these self-represented parties. After reviewing the record, we do not agree with Ms. Burks that she was not allowed to call her witness; she simply failed to call her witness. This argument lacks merit.

The trial court made credibility determinations in rendering judgment in favor of Mr. Wilson. Based on the photographs submitted as evidence, the trial court found Mr. Wilson's testimony regarding the work on the roof to be credible. The trial court found that Mr. Wilson performed the work he was hired to perform, although it may not have been to Ms. Burks' standards. The trial court stated in its written reasons that Ms. Burks did not produce any evidence as to what it would have cost to have the allegedly incomplete work completed.

After reviewing the testimony and evidence, we do not find that the trial court was clearly wrong in its findings. Ms. Burks and Mr. Wilson had conflicting testimony regarding the extent of the work Mr. Wilson was hired to complete. There was no written agreement between the parties to detail the work for which Mr. Wilson was hired, and Ms. Burks did not present any evidence of additional costs she incurred after the completion of the work. The trial court found Mr. Wilson to be credible. We give great deference to the trial court's determination and do not find it to be erroneous based on the testimony and evidence presented. Therefore, we affirm the trial court's ruling in favor of Mr. Wilson.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment in favor of Michael Wilson. Costs associated with this appeal are assessed to Shirley Burks.

**AFFIRMED.**